### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

Case No. 5:23-cr-01388-MIS

SAMUEL ISSAC MENDOZA,

    Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Samuel Issac Mendoza's Motion to Dismiss, ECF No. 28, filed December 1, 2023. The Government did not file a Response. Upon review of the Motion, the record, and the relevant law, the Court **DENIES** the Motion.

**I.  Background**

According to the Amended Criminal Complaint, on April 6, 2023, law enforcement agents received information that Defendant, who had an active federal arrest warrant for violating conditions of his supervised release, was at a residence in Roswell, New Mexico, and was in possession of a firearm. ECF No. 3 ¶ 5. Agents arrived at the residence to execute a search warrant to retrieve Defendant and any firearms and ammunition located inside the home. Id. ¶ 6. When Defendant exited the residence, U.S. Marshals took him into custody. Id. ¶ 8. During the execution of the search warrant, agents located a short barrel Stevens Model 320 20-gauge shotgun, bearing serial number 173415D, sitting on the couch in the living room. Id. The shotgun had a round in the chamber and a full magazine tube. Id. Agents seized the firearm and ammunition from the residence pursuant to the search warrant. Id.

During a post-arrest interview, after being advised of his Miranda rights,[1] Defendant admitted that before he was arrested, he "took the shotgun out to his dad's ranch to shoot it to see if it worked." Id. ¶ 10. He also stated that he "grabbed the gun another time" while he was at the residence to move it so he could sit on the couch. Id. ¶ 11.

Defendant's criminal history included two felony convictions: (1) a July 9, 2007, conviction in New Mexico state court for unlawful taking of a motor vehicle, a 3rd degree felony, for which he was sentenced to three years' supervised probation, id. ¶ 14(a); and (2) a November 22, 2021, conviction in the United States District Court for the Western District of Texas for conspiracy to transport aliens, for which he was sentenced to thirteen months' imprisonment, to be followed by two years' supervised release, id. ¶ 14(b). During his post-arrest interview, Defendant admitted to these prior convictions. Id. ¶¶ 9, 15.

On September 14, 2023, a Grand Jury sitting in the District of New Mexico returned an Indictment charging Defendant with possession of a firearm by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. ECF No. 17. The Indictment also contains forfeiture allegations. Id. Trial is currently scheduled for February 19, 2024. ECF No. 30 at 2.

On December 1, 2023, Defendant filed the instant Motion to Dismiss the Indictment. ECF No. 28. The Government did not respond.

## II.    Discussion

Defendant moves to dismiss the Indictment on the grounds that the federal ban against possession of a firearm by a felon, codified at 18 U.S.C. § 922(g)(1), is unconstitutional following

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

the U.S. Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022). Id. at 1. He acknowledges that this argument is foreclosed by binding Tenth Circuit precedent, id. at 1-2 (citing Vincent v. Garland, 80 F.4th 1197, 1202 (10th Cir. 2023); United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009)), but filed the Motion "in order to preserve this issue, pending future clarification by the Supreme Court[,]" id. at 1. Defendant asserts that there is a circuit split on the issue of whether certain subsections of 18 U.S.C. § 922(g) are unconstitutional under Bruen, id. at 2 (citations omitted), and the Supreme Court recently heard oral arguments in a case from the Fifth Circuit Court of Appeals that held that the federal statute prohibiting possession of a firearm by someone subject to a domestic violence restraining order, 18 U.S.C. § 922(g)(8), violates the Second Amendment under the standard announced in Bruen. Id. at 3 (citing United States v. Rahimi, 61 F.4th 443, 461 (5th Cir. 2023), cert. granted 143 S. Ct. 2688 (2023)). Defendant argues that the Supreme Court's forthcoming decision in Rahimi may impact Section 922(g)(1) cases, id. (citing United States v. Collette, Case No. 22-51062 (5th Cir. Aug. 16, 2023)), and "requests the ability to supplement this motion and then seek any relief deemed appropriate in order to comply with the Supreme Court's future decision[,]" id. at 4.

      Defendant correctly concedes that binding Tenth Circuit precedent forecloses his challenge to the constitutionality of 18 U.S.C. § 922(g)(1). McCane, 573 F.3d at 1047. Specifically, in McCane, the Tenth Circuit rejected the argument that 18 U.S.C. § 922(g)(1) was unconstitutional in light of District of Columbia v. Heller, 554 U.S. 570 (2008), in which the Supreme Court held that the Second Amendment provides an individual with a right to possess and use a handgun for lawful purposes within the home. Id. Recently, in Vincent, the Tenth Circuit found that Bruen "did not indisputably and pellucidly abrogate our precedential opinion in McCane[,]" 80 F.4th at 1202, and reaffirmed McCane's holding that Section 922(g)(1) is constitutional, id.

This Court is bound to apply controlling Tenth Circuit precedent unless and until it is overruled by the Tenth Circuit sitting en banc or abrogated by a superseding contrary decision by the U.S. Supreme Court.  Barnes v. United States, 776 F.3d 1134, 1147 (10th Cir. 2015); see also Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996) ("A published decision of one panel of this court constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (citations omitted).

Here, because the Tenth Circuit has explicitly held that Bruen did not abrogate McCane, see Vincent, 80 F.4th at 1202, the Court concludes that 18 U.S.C. § 922(g)(1) is constitutional, and Defendant's Motion to Dismiss the Indictment must be denied.[2]  See United States v. Williams, __ F. Supp. 3d __, Case No. 23-CR-00230-GKF, 2023 WL 6221770, at *2-3 (N.D. Okla. 2023) (denying motion to dismiss the indictment because the Tenth Circuit held in Vincent that Bruen did not overrule McCane, and therefore 18 U.S.C. § 922(g)(1) is constitutional).

### III. Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss, ECF No. 28, is **DENIED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[2] Nothing in this Order forecloses Defendant's ability to reraise this issue at a later stage in these proceedings if the Supreme Court's decision in Rahimi entitles him to relief.